In re CULLINAN, State Commissioner of Excise.

(Supreme Court, Special Term, Orange County. January 3, 1903.)

1. Intoxicating Liquors—Proceeding to Revoke Certificate—Discontinuance.
Under Laws 1901, c. 640, application to discontinue a proceeding to revoke and cancel a liquor tax certificate may not be made by the party proceeded against, but only by the party instituting the proceeding.

In the matter of the petition of Patrick W. Cullinan, as state commissioner of excise, for an order revoking and canceling a liquor tax certificate No. 19,462 issued to Cornelius J. Flynn. The certificate holder moves to authorize the commissioner to discontinue the proceeding. Motion denied.

C. L. Waring, for the motion.
William Vanamee and William E. Schenck, opposed.

DICKEY, J.   Motion is made by assignee of license for an order authorizing state commissioner of excise to discontinue these proceedings to revoke and cancel liquor tax certificate issued to Cornelius J. Flynn.   The state commissioner of excise not only does not join in this application, but opposes it, and at the same time moves on the report of the referee and the testimony taken in the case to cancel such license because of proven violation of the law.

The attorney for the holder of the license contends that by chapter 640 of the Laws of 1901 it is in the power of the court in its discretion to order the discontinuance of the proceedings on terms and conditions to be prescribed in the order, on the application of the party proceeded against.   The attorney for the commissioner insists that there is no such power in the court, unless his consent to a compromise and discontinuance is first given.   In my opinion, proceedings for discontinuance may be begun by the party instituting the proceedings, whether begun by a private person or the state commissioner of excise, but the law does not contemplate a motion for a discontinuance being made by the accused person.   If the application to discontinue is made by a private prosecutor, then, while eight days' notice of the application to the state commissioner is necessary, the court may grant leave to discontinue without the consent of the state commissioner, and against his objection.   If the motion is made by the party instituting the proceeding, then and only then has the court the power to grant a discontinuance on proper cause shown.   Otherwise the court must decide the matter on the testimony.

As there is shown a clear violation of the law, the license must be revoked, with costs.